IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| EDWARD GIBBS, | § | |
| | § | No. 612, 2003 |
| Defendant Below, | § | |
| Appellant, | § | |
| | § | Court Below–Superior Court |
| | § | of the State of Delaware, in and |
| v. | § | for Sussex County in S03-06- |
| | § | 0519 and S86-12-0243. |
| STATE OF DELAWARE, | § | |
| | § | |
| Plaintiff Below, | § | Cr. ID Nos. 87S00031DI |
| Appellee. | § | 0305016899 |

Before **HOLLAND, BERGER** and **JACOBS,** Justices.

Submitted: October 14, 2004
Decided:   February 4, 2005

## ORDER

This 4th day of February 2005, upon consideration of the appellant's opening brief and appendix, the State's motion to affirm and the Superior Court record, it appears to the Court that:

(1)   On March 11, 2003, Gibbs arrived at the Sussex Work Release Center (SWRC) in Georgetown, Delaware, to begin serving the Level IV work release portion of a sentence imposed in November 2000 for violation of probation (VOP).[1] Upon arriving at the SWRC, Gibbs received a manual of

---

[1] *State v. Gibbs*, Del. Super., Cr. ID No. 87S00031DI, Stokes, J. (Nov. 20, 2000). The sentence was modified on October 24, 2001, to address a good time problem and on February 24, 2003, to change Level IV "home confinement" to Level IV "work release."

the policies, rules and regulations of the corrections facility, including the work release program. During intake, an officer reviewed with Gibbs certain program requirements, including the specific policy that a resident who failed to remain within one hour contact of the SWRC could be placed on escape status.

(2) After a week-long orientation period, Gibbs obtained employment at a chicken house in Laurel, Delaware. Gibbs then obtained employment at the Sussex Pines Country Club in Georgetown.

(3) On May 25, 2003, Gibbs did not return to the SWRC from his job at the Sussex Pines Country Club. As a result, a warrant issued the following day for Gibbs' arrest. Gibbs was apprehended without incident on June 11, 2003, in Georgetown.

(4) On June 12, 2003, as a result of his arrest, Gibbs was charged with VOP. A VOP hearing was scheduled and later continued. On July 18, 2003, Gibbs was charged with Escape after Conviction. A jury trial was held on October 30, 2003, on the escape charge.

(5) At the outset of his trial, Gibbs, through counsel, filed a motion to dismiss. After the State rested, Gibbs moved for judgment of acquittal. In the interim, Gibbs requested a jury instruction on the lesser-included offense

of Escape in the Second Degree. The Superior Court denied all of the applications.

(6) At trial, Gibbs testified that he made no effort to contact the SWRC between May 25, 2003, when he failed to return to the facility,[2] and June 11, 2003, when he was finally apprehended in Georgetown. The jury found him guilty as charged of Escape after Conviction.

(7) At the December 12, 2003 sentencing proceeding, Gibbs moved to dismiss his trial counsel on the basis of alleged incompetence. The Superior Court denied the motion. Nonetheless, after a lengthy colloquy, the Superior Court permitted Gibbs to proceed *pro se* for the remainder of the proceedings and directed his trial counsel to serve as standby counsel.

(8) Prior to imposing the sentence, the Superior Court considered and denied a motion for new trial that had been filed by Gibbs' counsel. The Superior Court then granted the State's motion to have Gibbs declared an habitual offender. Finally, the Court took up the matter of the VOP charge and, after hearing from Gibbs, adjudged him guilty of VOP.

---

[2]Gibbs testified that when he got off of work on May 25, 2003, he went to see his son, "was with [a] female," "was drinking . . . and just fell asleep." Trial Tr. at 91 (Oct. 30, 2003).

(9) For Escape after Conviction, the Superior Court sentenced Gibbs, as an habitual offender,[3] to twenty years incarceration at Level V with credit for time served, followed by six months at Level IV work release. On the VOP, the Superior Court sentenced Gibbs to one year and nine months at Level V, suspended for two years at Level III probation. This *pro se* direct appeal followed.

(10) Earlier in this appeal, Gibbs moved for the appointment of substitute counsel. By Order dated July 8, 2004, the Court denied the motion, ruling that Gibbs' dissatisfaction with his former trial counsel did not, in and of itself, provide a basis for the appointment of substitute counsel on appeal.[4] Thereafter, by Order dated August 11, 2004, the Court denied Gibbs' motion for rehearing *en banc* of the July 8 Order. Gibbs now attempts in his opening brief to further challenge the denial of substitute counsel; however, that decision is not subject to further review in this Court.

(11) In his opening brief, Gibbs, who is African American, alleges that his trial by an all-white jury suggests that there was a systematic exclusion of minorities from the jury selection process. He raised a similar claim in his

---

[3] Del. Code Ann. tit. 11, § 4214(a).

[4] *Gibbs v. State*, 2004 WL 1587043 (Del. Supr.).

unsuccessful motion for new trial. The claim is without merit. Gibbs has not made a *prima facie* showing that the jury's composition resulted from the systematic exclusion of minority members for racially motivated purposes.[5]

(12)   Next, Gibbs contends that he was entitled to a jury instruction on the lesser-included offense of Escape in the Third Degree. He also contends that the Superior Court erred when instructing the jury on Escape after Conviction. Both claims will be reviewed only for plain error,[6] as neither claim was raised at trial.[7]

(13)   The Superior Court did not commit plain error by not instructing the jury on the lesser-included offense of Escape in the Third Degree. There was no rational basis in the evidence for a verdict acquitting Gibbs of Escape after Conviction but convicting him of Escape in the Third Degree.[8] Escape in the Third Degree does not require proof, as does Escape after Conviction,

---

[5]*Batson v. Kentucky*, 476 U.S. 79 (1986); *Riley v. State*, 496 A.2d 997, 1009 (Del. 1985).

[6]*Wainwright v. State*, 504 A.2d 1096, 1100 (Del. 1986).

[7]Gibbs did not request a jury instruction on the lesser-included offense of Escape in the Third Degree. He requested, and was denied, a jury instruction on the lesser-included offense of Escape in the Second Degree.

[8]Del. Code Ann. tit. 11, §206(c); *Herring v. State*, 805 A.2d 872 (Del. 2002).

of having escaped from a detention facility after having been convicted of a crime.[9]

(14) Moreover, Gibbs has not demonstrated any error, much less plain error, with respect to the Superior Court's jury instruction on the offense of Escape after Conviction. Contrary to Gibbs' claim, the crime of Escape after Conviction includes an element of "knowledge" of the offense.[10]

(15) Gibbs argues that there was insufficient evidence to prove beyond a reasonable doubt that he was in the custody of the Department of Correction on May 25, 2003, when he was alleged to have escaped. Gibbs' claim is without merit. As a matter of law, an inmate on pass from a work release facility continues to be in the custody of the Department of Correction and is subject to the penalty for escape.[11]

---

[9]*See* Del. Code Ann. tit 11, § 1253 (2001) (providing that a person is guilty of escape after conviction if the person, after entering a plea of guilty or having been convicted by the court, escapes from a detention facility or from the custody of the Department of Health and Social Services or the Department of Correction) (amended 2003); *see* Del. Code Ann. tit 11, § 1251 (providing that a person is guilty of escape in the third degree when the person escapes from custody, including placement of nonsecure facilities by the Division of Youth Rehabilitative Services); *Flamer v. State*, 2002 WL 549544 (Del. Supr.).

[10]Del. Code Ann. tit. 11, §1258 (4) (defining "escape" as "departure from the place in which the actor is held or detained with knowledge that such departure is unpermitted").

[11]Del. Code Ann. tit., 11 § 6533(b); *Woodlin v. State*, 2001 WL 1006216 (Del. Supr.); *Smith v. State*, 361 A.2d 237 (1976); *Gaskill v. State*, 138 A.2d 500 (1958).

(16) In a related claim, Gibbs argues, as he did in the Superior Court, that because he was serving a sentence imposed on a VOP when he failed to return to the SWRC, he was not subject to a charge of Escape after Conviction. Gibbs' claim is without merit. Gibbs was criminally convicted and was serving the Level IV work release portion of a VOP sentence when he failed to return to the SWRC. Gibbs was properly charged with Escape after Conviction.

(17) Gibbs claims that his twenty-year sentence for Escape after Conviction is grossly disproportionate and in violation of the Eighth Amendment. His claim is without merit. As an habitual offender, Gibbs was facing a statutory minimum of eight years to a maximum of life imprisonment for the Class D felony conviction of Escape after Conviction, which is classified as a violent felony.[12] In view of Gibbs' extensive criminal history, which the Superior Court reviewed in detail at sentencing, the twenty-year sentence does not give rise to an inference of disproportionality.[13]

(18) Gibbs contends that he was not afforded due process, specifically adequate notice, with respect to the VOP charge that the Superior Court

---

[12]Del. Code Ann. tit. 11, § 4201(c).

[13]*See McCleaf v. State*, 2004 WL 344423 (Del. Supr.) (holding that habitual offender sentence imposed was not disproportionate and did not implicate Eighth Amendment).

7

considered immediately prior to his sentencing.[14] His contention is without merit. The record reflects that Gibbs was brought before the Superior Court on June 12, 2003, pursuant to an administrative warrant, and that a VOP hearing was scheduled for June 27, 2003. By letter dated July 1, 2003, addressed to Gibbs, the Superior Court confirmed that the June 27 VOP hearing had been continued and would be rescheduled after disposition of the Escape after Conviction charge.

(19) Finally, Gibbs argues that his trial counsel was ineffective at trial and on appeal. Gibbs alleges that his counsel discussed with the prosecutor and the trial judge confidential information that was protected by the attorney-client privilege. Moreover, he alleges that his counsel failed to (a) investigate his case; (b) gather exculpatory evidence; (c) subpoena witnesses; (d) present a meaningful defense; (e) raise prosecutorial misconduct; (f) allow him to testify fully at trial and to attend two case conferences; (g) object to an erroneous jury instruction; and (h) assist him on appeal.

---

[14]Super. Ct. Crim. R. 32.1. "[Due process] requires that a probationer receive notice of the alleged violations of probation, an opportunity to appear and present evidence, a conditional right to confront adverse witnesses, and an independent decision maker." *Gibbs v. State*, 760 A.2d 541, 543 (Del. 2000) (citing *Gagnon v. Scarpelli*, 411 U.S. 778, 786 (1973))

(20) It is settled law that this Court will not consider a claim of ineffective assistance of counsel that is raised for the first time on direct appeal.[15] In this case, Gibbs claimed ineffective assistance of counsel in the motion to dismiss counsel that the Superior Court considered and denied prior to sentencing. Gibbs did not, however, raise all of the allegations that he now seeks to raise in his ineffective assistance of counsel claim on appeal. Moreover, the Superior Court advised Gibbs, when denying his motion dismiss counsel, that he would have an opportunity "in the future," *i.e.* "post [direct] appeal," to pursue his ineffective assistance of counsel allegations under Superior Court Criminal Rule 61 "and [to] make a full record of [his claims]." Under these circumstances, and in order to give effect to the Superior Court's apparent intention to consider an ineffective assistance of counsel claim filed by Gibbs after the conclusion of the direct appeal, we decline to consider Gibbs' ineffective assistance of counsel claim in this appeal.

---

[15]*Desmond v. State*, 654 A.2d 821, 829 (Del. 1994).

NOW, THEREFORE, IT IS HEREBY ORDERED that the motion to affirm is GRANTED. The judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Carolyn Berger*
Justice