IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **EDWARD GIBBS**, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | Civ. Act. No. 05-750-JJF |
| | : | |
| **THOMAS CARROLL,** Warden, | : | |
| | : | |
| Respondent. | : | |

## ANSWER

Pursuant to Rule 5 of the Rules Governing Section 2254 Actions, 28 U.S.C. foll. § 2254, the respondent states the following in response to the petition for a writ of habeas corpus:

On October 30, 2003, a Delaware Superior Court jury convicted the petitioner, Edward Gibbs, of escape after conviction. On December 19, 2003, the Superior Court sentenced Gibbs as an habitual offender to 20 years in prison, with credit for time served, followed by six months of probation. On direct appeal, the conviction and sentence were affirmed. *Gibbs v. State*, No. 612, 2003, 2005 WL 535011 (Del. Feb. 4, 2005). Gibbs states in the petition, and the state court record confirms, that Gibbs has a state post-conviction proceeding pending in the Superior Court. D.I. 1 at 4-14; *see generally* Super. Ct. Dkt. in ID No. 0305016899--Items 59, 74 ; D.I. 1 at 4-14.

Facts

As reported by the state supreme court on direct appeal, Gibbs on March 11, 2003 arrived at the Sussex Work Release Center (SWRC) in Georgetown, Delaware, to begin

serving the Level IV work release portion of a sentence imposed in November 2000 for violation of probation (VOP). SWRC issued Gibbs a manual of the policies, rules and regulations of the corrections facility, including the work release program. During his intake, authorities also informed Gibbs of certain program requirements, including the specific policy that a resident who failed to remain within one hour contact of the SWRC could be placed on escape status. After a one-week orientation period, Gibbs gained employment at a chicken house in Laurel, Delaware and then at the Sussex Pines Country Club in Georgetown. On May 25, 2003, Gibbs did not return to the SWRC from his job at the Sussex Pines Country Club, and a warrant issued the following day for his arrest. Ultimately, Gibbs was apprehended on June 11, 2003 in Georgetown. *Gibbs*, *supra*, 2005 WL 535011 at ¶¶ 1-3.

On June 12, 2003, Gibbs was charged with VOP, and a hearing was scheduled and later continued. On July 18, 2003, Gibbs was charged with Escape after Conviction. A jury trial ensued in the Superior Court on the escape charge on October 30, 2003. At trial, Gibbs testified that he had made no effort to contact the SWRC between May 25, 2003, when he failed to return to the facility, and June 11, 2003, when he was finally apprehended. According to Gibbs, "when he got off of work on May 25, 2003, he went to see his son, 'was with [a] female,' 'was drinking ... and just fell asleep.'" The jury convicted Gibbs on the escape charge. *Gibbs*, *supra*, 2005 WL 535011 at ¶¶ 4-6 & n.2.

At sentencing, Gibbs moved to dismiss his trial counsel. The Superior Court denied the motion. But after a lengthy colloquy, the Superior Court permitted Gibbs to proceed *pro se* for the remainder of the proceedings and directed his trial counsel to serve as standby

counsel. The Superior Court then granted the State's motion to have Gibbs declared an habitual offender under state law. The Court also considered the corresponding VOP charge and, after hearing from Gibbs, adjudged him guilty of VOP. The court sentenced Gibbs as an habitual offender to twenty years in prison with credit for time served, followed by six months at Level IV work release. On the VOP, the Superior Court sentenced Gibbs to one year and nine months in prison, suspended for two years for probation. *Gibbs*, *supra*, 2005 WL 535011 at ¶¶ 7-9.

## Discussion

In the petition, Gibbs presents four claims for relief: 1) the Superior Court lacked jurisdiction because there was no grand jury indictment;[1] 2) the trial judge abused his discretion for failing to inquire about an unspecified conflict; 3) counsel was ineffective for failing to subpoena unspecified witnesses; and 4) the state supreme court erred by not ruling on Gibbs's ineffective assistance of counsel claims in the direct appeal. (D.I. 1 at 6-12).

A state petitioner seeking federal habeas relief must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1)(A); *Castille v. Peoples*, 489 U.S. 346, 351 (1989); *Rose v. Lundy*, 455 U.S. 509, 515 (1982); *Picard v. Connor*, 404 U.S. 270, 275 (1971); *Story v. Kindt*, 26 F.3d 402, 405 (3d Cir. 1994); *Dawson v. Snyder*, 988 F. Supp. 783, 802 (D. Del. 1997). The petitioner has the burden of proving exhaustion. *Landano v. Rafferty*, 897 F.2d 661, 668 (3d Cir. 1990). To exhaust state remedies, a petitioner must give the state courts one full opportunity to resolve any constitutional issues by invoking one round of the state's

---

[1] The record reveals that Gibbs waived indictment and that the case then proceeded by way of an information. *See* Super. Ct. Dkt. in ID No. 0305016899--Item 3; *see also* SUPER. CT. CRIM. R. 7(b).

3

established review process. *Webster v. Kearney*, Civ. Act. No. 04-361-JJF, mem. op. at 3 (D. Del. Mar. 8, 2006) (quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999)). Thus, Gibbs must demonstrate that each of his claims was fairly presented to the state supreme court, either on direct appeal or in a post-conviction proceeding. *Id.* (citing *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997)). Fair presentation also requires Gibbs to have raised each claim in a procedural context in which the state courts can consider it on the merits. *Id.* (citing *Castille v. Peoples*, 489 U.S. 346, 351 (1989)).

Additionally, a would be federal habeas corpus petitioner must await the outcome of his state court proceedings before his state remedies are considered exhausted. *E.g.*, *Ross v. Carroll*, Civ. Act. No. 02-14-SLR, 2002 WL 31230810 at *2 (D. Del. Sept. 23, 2002) (citing *Sherwood v. Tompkins*, 716 F.2d 632, 634 (9th Cir. 1983)); *Norwood v. Kearney*, Civ. Act. No. 02-13-SLR, 2002 WL 1998360 at * (D. Del. Aug. 12, 2002) (same). Thus as a general rule, federal review of a state criminal prosecution is unavailable in a habeas corpus proceeding before the state proceedings have concluded. *Evans v. Court of Common Pleas*, 959 F.2d 1227, 1234 (3d Cir. 1992); *accord Allen v. Attorney General*, 80 F.3d 569, 572 (1st Cir. 1996); *Knox v. Wyoming*, 959 F.2d 866, 868 (10th Cir. 1992); *McGann v. New York*, 870 F.2d 908, 910-11 (2d Cir. 1989).

Gibbs did not present the first three claims listed in the petition to the state supreme court in the direct appeal. And while Gibbs did attempt to argue issues regarding ineffective assistance of counsel in the direct appeal, the state supreme court rejected the claims without prejudice. Under well-settled Delaware law, the proper procedural vehicle by which to present an ineffectiveness claim based on defense counsel's performance (at trial or on

appeal) is by a motion for post-conviction relief under Superior Court Criminal Rule 61. *E.g.*, *Liket v. State*, 719 A.2d 935, 938 (Del. 1998); *Wing v. State*, 690 A.2d 921, 923 (Del. 1996); *Leacock v. State*, 690 A.2d 926, 928 (Del. 1996); *see also Reynolds v. Ellingsworth*, 843 F.2d 712, 723 (3d Cir. 1988); *Webster*, *supra*, mem. op. at 9 (citing *Russo v. Snyder*, 2000 WL 52158 at *5 (D. Del. Jan. 6, 2000)). Thus, as a general rule, claims of ineffective assistance of counsel may not be raised for the first time on direct appeal, and the state supreme court did not address any claim of ineffective assistance. Instead, as the court pointed out in Gibbs's case, ineffective assistance of counsel claims are properly raised in a post-conviction application filed in the first instance with the Superior Court. Because the ineffective assistance claim was presented in an improper procedural vehicle which precluded review by the state supreme court, Gibbs did not satisfy the exhaustion requirement. *See*, *e.g.*, *Webster*, *supra*, mem. op. at 3-4. Accordingly, none of the claims advanced here by Gibbs has been exhausted.[2]

Ordinarily, a failure to exhaust a claim results in dismissal of the habeas petition so that the petitioner may exhaust state court remedies. *Rose*, 455 U.S. at 510; *Gibson v. Scheidemantel*, 805 F.2d 135, 138 (3d Cir. 1986). The exhaustion requirement "serves the interests of comity between the federal and state systems by allowing the state an initial opportunity to determine and correct any violations of a prisoner's rights." *Gibson*, 805 F.2d at 138 (citing *Picard*, 404 U.S. at 275; *Brown v. Cuyler*, 669 F.2d 155, 157 (3d Cir. 1982)). Gibbs's post-conviction proceeding under Criminal Rule 61 is still pending in the Superior

---

[2]Any claim presented by Gibbs for the first time in this federal habeas proceeding cannot provide a basis for relief. 28 U.S.C. § 2254(b)(1)(A). The respondent further notes that exhaustion is not waived as to any claim. 28 U.S.C. § 2254(b)(3).

Court, and thus he has failed to exhaust state remedies. *See generally* Super. Ct. Dkt. In ID No. 0305016899--Items 59, 74; D.I. 1 at 14. Accordingly, Gibbs's habeas petition must be dismissed. *See* 28 U.S.C. § 2254(b)(1)(A); *Rose*, 455 U.S. at 520-21; *Gibson*, 805 F.2d at 138; *see also Evans*, 959 F.2d at 1234; *McGann*, 870 F.2d at 910-11; *Sherwood*, 716 F.2d at 634.

Finally, and in contrast to Gibbs's suggestion otherwise (D.I. 1 at 14), a stay of the proceedings in this case is not warranted. Gibbs's pending state post-conviction proceeding presumably tolls the limitations period of 28 U.S.C. § 2244(d). Because Gibbs's ability to file a future federal habeas petition after proper exhaustion in the state courts is not foreclosed under the one-year limitations period of 28 U.S.C. § 2244(d), a stay is not justified in this case. *See Rhines v. Weber*, 125 S. Ct. 1528, 1533 (2005); *Pliler v. Ford*, 542 U.S. 225 (2004); *Crews v. Horn*, 360 F.3d 146, 149-150 (3d Cir. 2004); *cf. Webster*, *supra*, mem. op. at 11-13 (discussing analytical framework for determining whether a stay is warranted where the Court was presented with a mixed petition); *Melody v. Carroll*, Civ. Act. No. 03-035-SLR, 2003 WL 22077736 at *3-4 (D. Del. Aug. 29, 2003).

Conclusion

Based upon the Superior Court docket sheet, it appears that transcripts of Gibbs's October 22, 2003 final case review (Item 44), October 30, 2003 trial (Item 45), December 19, 2003 sentencing hearing (Item 43), and a transcript of proceedings on June 18, 2003 in the Court of Common Pleas (Item 7) have been prepared. In the event that the Court directs production of any transcript, the respondent cannot state with specificity when the transcript could be produced, but reasonably expect that production would take 90 days from the issuance of any order by the Court. For the foregoing reasons, the petition for a writ of habeas corpus should be dismissed without further proceedings.

/s/
Thomas E. Brown
Deputy Attorney General
Department of Justice
820 N. French Street
Wilmington, DE  19801
(302) 577-8500
Del. Bar ID#  3278
*ThomasE.Brown@state.de.us*

Date: March 29, 2006

## CERTIFICATE OF SERVICE

The undersigned, being a member of the Bar of this Court, hereby certifies that on March 29, 2006 he caused to be electronically filed the attached document (Answer) with the Clerk of the Court using CM/ECF. I hereby certify that on March 29, 2006 I have also caused to be mailed by first class U.S. Mail two copies of the document to the following non-registered participant, the petitioner:

> Edward Gibbs (No. 148876)
> Delaware Correctional Center
> 1181 Paddock Road
> Smyrna, DE 19977.

      /s/
Thomas E. Brown
Deputy Attorney General
Del. Dept. of Justice

Counsel for Respondent

Date: March 29, 2006