Not Reported in F.Supp.2d                                                                                         Page 1
Not Reported in F.Supp.2d, 2003 WL 22077736 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

Briefs and Other Related Documents
Only the Westlaw citation is currently available.
United States District Court,D. Delaware.
Scott MELODY, Petitioner,
v.
Thomas CARROLL, Warden, Respondent.
**No. Civ.A. 03-035-SLR.**

Aug. 29, 2003.

Scott Brian Melody, pro se, Smyrna, DE, for petitioner.
Thomas E. Brown, Department of Justice, Wilmington, DE, for respondent.

*MEMORANDUM ORDER*
ROBINSON, J.

### I. INTRODUCTION

***1** Petitioner Scott Melody is presently incarcerated at the Delaware Correctional Center ("D.C.C.") in Smyrna, Delaware. On January 15, 2003, petitioner filed an application for the writ of habeas corpus pursuant to 28 U.S.C. § 2254, acting *pro se.* (D.I.2) In his petition, petitioner appears to assert two claims for ineffective assistance of counsel and a general claim for "intentional, illegal detainment." (*Id.*)

Presently before the court is petitioner's first letter motion for representation by counsel, a second motion for representation by counsel, a motion to amend the habeas petition, and a motion to defer the writ. (D.I.s 8, 18, 19, 20) For the following reasons, the court will deny petitioner's motions for representation by counsel, grant in part petitioner's motion to amend, deny his motion to defer the writ, and deny his motion to dismiss without prejudice.

### II. DISCUSSION

#### A. Representation by Counsel

It is well established that there is no automatic constitutional right to counsel for a *pro se* litigant in a federal habeas proceeding. *See Coleman v. Thompson,* 501 U.S. 722, 752, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991); *Reese v. Fulcomer,* 946 F.2d 247, 263 (3d Cir.1991); *United States v. Roberson,* 194 F.3d 408, 415 n. 5 (3d Cir.1999). It is well within the court's discretion, however, to seek representation by counsel for a petitioner, but this effort is made only "upon a showing of special circumstances indicating the likelihood of substantial prejudice to [petitioner] resulting ... from [petitioner's] probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." *Tabron v. Grace,* 6 F.3d 147, 154 (3d Cir.1993) (citing *Smith-Bey v. Petsock,* 741 F.2d 22, 26 (3d Cir.1984); 18 U.S.C. § 3006A (a)(2)(B) (West 2003) (representation by counsel may be provided when a court determines that the "interests of justice so require").

Petitioner asserts two ineffective assistance of counsel claims and one claim alleging general "illegal detainment" because he was only granted one, not two, violation of probation hearings. Petitioner is seeking representation because he is schizophrenic, bi-polar, and suffers from depression. (D.I.2) However, a prisoner's alleged mental illness does not automatically require representation by counsel. Rather, a court must still analyze the case to determine whether the petitioner has a "good understanding of the issues." *See La Mere v. Risley,* 827 F.2d 622, 626 (9th Cir.1987).

Having reviewed petitioner's record and state filings, the court concludes that he is capable of formulating issues and preparing court filings. Moreover, petitioner's allegations are not of such a complex nature that representation by counsel is warranted at this time.

Nevertheless, as the case proceeds, the complexity of the factual issues or the need for additional legal briefing may require the representation by counsel at a later date. *See Tabron,* 6 F.3d at 156 (recognizing that,

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d  Page 2
Not Reported in F.Supp.2d, 2003 WL 22077736 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

under § 1915, the court may *sua sponte* seek representation for a litigant at "any point in the litigation"). The court is willing to revisit this issue either *sua sponte* or upon proper motion should it subsequently appear that petitioner's claims are meritorious and that representation by counsel is necessary to afford the petitioner a full and fair opportunity to litigate his case.

**\*2** In short, the court concludes that representation by counsel is not appropriate at this time. Accordingly, petitioner's motions seeking representation by counsel are denied without prejudice to renew. (D.I.s 8, 18)

B. Motion to Amend

The Federal Rules of Civil Procedure apply to § 2254 habeas petitions to the extent that they are not inconsistent with the Rules Governing Section 2254 Proceedings, 28 U.S.C. foll. § 2254. *See* Fed.R.Civ.P. 81(a)(2); Rule 11, 28 U.S.C. foll. § 2254. The Third Circuit has held that Rule 15 of the Federal Rules of Civil Procedure governs motions to amend § 2254 motions. *See Riley v. Taylor,* 62 F.3d 86, 89-90 (3d Cir.1995); *United States v. Duffus,* 174 F.3d 333, 336 (3d Cir.1999) (discussing the amendment of § 2255 motions). Rule 15(a) of the Federal Rules of Civil Procedure permits a party to amend his petition "once as a matter of course at any time before a responsive pleading is served." After a responsive pleading is filed, an amendment is permitted "only by leave of the court or by written consent of the adverse party." *Id.*

A court must freely grant permission to amend a pleading "whenever justice so requires." Fed.R.Civ.P. 15(a); *see also Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). Moreover, when a petitioner is appearing *pro se,* amendments should be granted with extreme liberality. *Caputo v. Del Tufo,* 1991 WL 186676, at \*2 (D.N.J. Sept.16, 1991) (citing *Eldridge v. Block,* 832 F.2d 1132 (9th Cir.1987)). Whether the proposed material is additional factual support for an existing claim, or an entirely new theory, the material constitutes an amendment to the original petition. *See United States v. Thomas,* 221 F.3d 430, 435 (3d Cir.2001).

Petitioner has filed a document titled "Amendment." (D.I.19) Petitioner filed the "Amendment" without asking leave of the court or by consent of the respondent. In fact, the "Amendment" cannot be viewed entirely as a true amendment because it appears to be a combination of a reply to the respondent's answer, a request for state documents, another motion for the appointment of counsel, and supplemental information in support of his ineffective assistance of counsel claim with respect to his plea.

The court will permit the amendment to the extent the document does, in fact, supplement and clarify the petitioner's habeas petition. Petitioner's motion does not appear to be motivated by bad faith or dilatory motive, and will not prejudice the respondent. *See Foman,* 371 U.S. at 182. Thus, the court will treat the original petition as amended to include the supplemental information for the ineffective assistance of counsel claim relating to his plea, as well as to include the petitioner's response to the respondent's argument that the two ineffective assistance of counsel claims are time-barred.

With respect to petitioner's additional request seeking representation by counsel, the court has already concluded that representation by counsel is not warranted at this time. Accordingly, the court denies petitioner's request seeking representation by counsel contained in the "Amendment."

**\*3** Finally, the court will deny petitioner's request that the court provide him with one copy of all state documents. Petitioner has not alleged that he does not have copies of the relevant state documents but, rather, that he wants to "be sure that all of the items concerning the case are there." (D.I.19) At the present time, the court notes that respondent appears to have filed all relevant state court documents. If the court or petitioner determine at some later date that additional state records are required, the court can order the respondent to file the necessary portions of the record. *See* Rule 5, 28 U.S.C. foll. § 2254.

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                          Page 3
Not Reported in F.Supp.2d, 2003 WL 22077736 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

However, in order to address petitioner's concern regarding the totality of the state record, the court will list the documents it has received from respondent:

(1) Petition for a Writ of Unconstitutional Prohibition (filed Aug. 1, 2001);

(2) State's Answer and Motion to Dismiss (filed Sept. 5, 2001);

(3) Order dated October 19, 2001, *In the Matter of Scott Melody,* No. 360,2001 (Del. Oct.19, 2001);

(4) Appellant's Rule 26(c) opening brief and appendix (filed Sept. 25, 2002);

(5) State's response to Rule 26(c) brief (filed Oct. 3, 2002);

(6) Order dated October 16, 2002 in *Scott B. Melody v. Delaware,* No. 373,2002 (Del. Oct.16, 2002);

(7) Appellant's opening brief and appendix appealing the Superior Court's September 12, 2002 and October 21, 2002 orders denying his motions for reduction of sentence (filed Dec. 16, 2002);

(8) State's answering brief and appendix with respect to appeal of Superior Court's September 12, 2002 and October 21, 2002 orders (filed January 7, 2003); and

(9) Order dated March 21, 2003, *Scott Melody v. State of Delaware,* No. 559 & 629,2002 (Del. Mar. 21, 2003).

### C. Motion to Defer Writ

Finally, petitioner has filed a motion to defer the writ of habeas corpus "until further notice so that the public defender's office and state psycho-forensic analyzer may file a modification of sentence on [his] behalf." (D.I.20) He further states that he would like to defer the writ "until this modification may be filed and until [the] modification is ruled on. If the court will not defer, I would like to dismiss without prejudice." (*Id.*)

As a preliminary matter, the court notes that petitioner has not alleged that he is returning to state court in order to exhaust state remedies. However, even if his motion to modify his sentence is such an effort, the court is constrained from granting the motion to defer his habeas petition. The Third Circuit has consistently enforced the clear mandate of *Rose v. Lundy,* 455 U.S. 509, 522, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982), requiring a district court to dismiss habeas petitions containing both exhausted and unexhausted claims. *See, e.g., Morris v. Horn,* 187 F.3d 333, 337 (3d Cir.1999); *Lambert v. Blackwell,* 134 F.3d 506, 513 (3d Cir.1998); *Christy v. Horn,* 115 F.3d 201, 206 (3d Cir.1997). Indeed, in *Christy,* the Third Circuit vacated the district court's order holding in abeyance a habeas petition while the petitioner exhausted state court remedies because the petitioner failed to present "exceptional circumstances of peculiar urgency" sufficient to "excuse exhaustion." *Christy,* 115 F.3d at 206-08.

**\*4** Thus, absent "exceptional circumstances of peculiar urgency," it appears that a federal district court in the Third Circuit cannot properly stay a habeas petition pending exhaustion of state remedies, but rather, must dismiss an entire petition that contains an unexhausted claim. *See Christy,* 115 F.3d at 206-08; *Morris,* 187 F.3d at 337; *Lambert,* 134 F.3d at 513-14. Accordingly, because petitioner has not presented "exceptional circumstances of peculiar urgency" to warrant a stay, the court denies the motion to defer his habeas petition.

With respect to petitioner's alternative motion to dismiss without prejudice, granting this motion might permanently foreclose collateral review because of the AEDPA's one-year filing period. 28 U.S.C. § 2244(d). Thus, unless petitioner informs the court in writing that he still wishes to the court to dismiss his petition without prejudice, the court will proceed to review the § 2254 petition as filed.

### IV. CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that:

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d  
Not Reported in F.Supp.2d, 2003 WL 22077736 (D.Del.)  
**(Cite as: Not Reported in F.Supp.2d)**

Page 4

1. Petitioner Scott Melody's motions seeking representation by counsel (D.I.8, 18, 19) are DENIED without prejudice to renew.

2. Petitioner Scott Melody's motion to amend (D.I.19) is GRANTED to the extent it supplements the ineffective assistance of counsel claim and replies to the respondent's statute of limitations argument, and DENIED to the extent it is a motion for the production of state court records and a motion seeking representation of counsel.

3. Petitioner Scott Melody's motion to defer the writ (D.I.20) is DENIED.

4. Petitioner Scott Melody's motion to dismiss without prejudice (D.I.20) is DENIED. Unless petitioner Scott Melody informs the court in writing by September 30, 2003, the court will proceed on the habeas petition as originally submitted.

5. The Clerk of the Court is directed to mail a copy of this order to petitioner and respondent.

D.Del.,2003.  
Melody v. Carroll  
Not Reported in F.Supp.2d, 2003 WL 22077736 (D.Del.)

Briefs and Other Related Documents (Back to top)

• 1:03CV00035 (Docket) (Jan. 15, 2003)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.