Not Reported in F.Supp.2d                                                                                                           Page 1
Not Reported in F.Supp.2d, 2002 WL 1998360 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

Only the Westlaw citation is currently available.
United States District Court, D. Delaware.
Thomas E. NORWOOD, Petitioner,
v.
Richard KEARNEY, Warden, State of Delaware, M. Jane Brady, and James W. Adkins, Respondents.
**No. Civ.A.02-13-SLR.**

Aug. 12, 2002.

State pretrial detainee petitioned for writ of habeas corpus. After he filed his petition, petitioner was convicted on 20 counts of drug-related offenses, and appealed his convictions to state supreme court. The District Court, Robinson, Chief Judge, held that: (1) petitioner had failed to exhaust state court remedies, and (2) petitioner was not entitled to certificate of appealability.

Petition dismissed without prejudice.

West Headnotes

**[1] Habeas Corpus 197 372.1**

197 Habeas Corpus
    197I In General
        197I(D) Federal Court Review of Petitions by State Prisoners
            197I(D)4 Sufficiency of Presentation of Issue or Utilization of State Remedy
                197k372 State Proceedings Pending
                    197k372.1 k. In General. Most Cited Cases
Petitioner failed to satisfy exhaustion requirement of Antiterrorism and Effective Death Penalty Act (AEDPA) before he filed petition for writ of habeas corpus challenging his pretrial detention and convictions on 20 counts of drug-related offenses; petitioner's direct appeal was still pending before state supreme court. 28 U.S.C.A. § 2254(b)(1).

**[2] Habeas Corpus 197 818**

197 Habeas Corpus
    197III Jurisdiction, Proceedings, and Relief
        197III(D) Review
            197III(D)1 In General
                197k817 Requisites and Proceedings for Transfer of Cause
                    197k818 k. Certificate of Probable Cause. Most Cited Cases
Petitioner was not entitled to certificate of appealability for review of denial of his petition for writ of habeas corpus challenging his pretrial detention and convictions on 20 counts of drug-related offenses, since reasonable jurist could not have concluded that district court erred in dismissing petition for failure to satisfy exhaustion requirement of Antiterrorism and Effective Death Penalty Act (AEDPA), where petitioner's direct appeal was still pending before state supreme court. 28 U.S.C.A. § 2253(c)(2).

Thomas E. Norwood, Sussex Correctional Institution, Georgetown, Delaware, Petitioner, pro se.
Thomas E. Brown, Delaware Department of Justice, Wilmington, Delaware, for Respondents.

MEMORANDUM OPINION

ROBINSON, Chief J.

I. INTRODUCTION

**\*1** Petitioner Thomas E. Norwood is a Delaware inmate in custody at the Sussex Correctional Institution in Georgetown, Delaware. Currently before the court is petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (D.I.2) Also pending in this matter is petitioner's motion for appointment of counsel. (D.I.37) For the reasons that follow, the court concludes that petitioner has failed to exhaust state court remedies. Accordingly, the court will dismiss his petition without prejudice, and will deny his motion for appointment of counsel as moot.

II. BACKGROUND

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                           Page 2
Not Reported in F.Supp.2d, 2002 WL 1998360 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

On July 12, 2001, petitioner was arrested in Sussex County, Delaware, for multiple drug-related offenses, including trafficking in cocaine. The Delaware Superior Court ordered petitioner held on secured bond, which he was unable to post. On July 27, 2001, he filed in the Superior Court a petition for a writ of habeas corpus, alleging an unlawful search and arrest. The Superior Court denied the petition. *Norwood v. State,* C.A. No. 01M-07-022 (Del.Super.Ct. July 30, 2001). The Delaware Supreme Court affirmed. *Norwood v.. State,* No. 371, 2001, 2001 WL 1329692 (Del. Oct.23, 2001).

In December 2001, while incarcerated awaiting trial, petitioner filed in this court the current application for federal habeas relief. (D.I.2, 3, 4) While any specific claims for relief are difficult to discern, it appears that petitioner asks this court to order the state courts to fulfill their constitutional obligation to afford him due process of law. (D.I.2) He also complains of an unlawful search and arrest, as well as the denial of effective assistance of counsel, and asks the court to order his immediate release. (D.I.2, 3, 4)

Petitioner's trial commenced in the Superior Court on March 13, 2002. On March 15, 2002, the jury found petitioner guilty of twenty counts of drug-related offenses. Petitioner immediately appealed, but the Delaware Supreme Court dismissed the appeal for lack of jurisdiction because petitioner had not yet been sentenced. *Norwood v. State,* No. 141, 2002, 2002 WL 487169 (Del. Mar.28, 2002). After the Superior Court imposed sentence on May 2, 2002, petitioner again appealed. His direct appeal is pending before the Delaware Supreme Court. *Norwood v. State,* No. 274, 2002 (pending). [FN1]

> FN1. On August 9, 2002, the clerk of the Delaware Supreme Court confirmed that petitioner's direct appeal is pending before that court.

Respondents ask the court to dismiss petitioner's application for failure to exhaust state court remedies. (D.I.23, ¶ 7.) For the following reasons, the court will grant respondents' request.

### III. DISCUSSION

Pursuant to the federal habeas statute:
An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that -
(A) the applicant has exhausted the remedies available in the courts of the State; or
(B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

**\*2** 28 U.S.C. § 2254(b)(1). Grounded on principles of comity, the requirement of exhaustion of state court remedies ensures that state courts have the initial opportunity to review federal constitutional challenges to state convictions and sentences. *Werts v. Vaughn,* 228 F.3d 178, 192 (3d Cir.2000), *cert. denied,* 532 U.S. 980, 121 S.Ct. 1621, 149 L.Ed.2d 483 (2001).

[1] To satisfy the exhaustion requirement, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel,* 526 U.S. 838, 845, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999). Although a state prisoner need not "invoke extraordinary remedies," he must fairly present each of his claims to the state courts. *Id.* at 844-45. A claim has not been fairly presented unless it was presented "at all levels of state court adjudication." *Cristin v. Brennan,* 281 F.3d 404, 410 (3d Cir.2002). Generally, federal courts will dismiss without prejudice claims that have not been fairly presented to the state courts, thereby allowing petitioners to exhaust their claims. *Lines v. Larkins,* 208 F.3d 153, 159-60 (3d Cir.2000), *cert. denied,* 531 U.S. 1082, 121 S.Ct. 785, 148 L.Ed.2d 681 (2001).

Here, it is obvious that petitioner has not satisfied the exhaustion requirement-his direct appeal is still pending before the Delaware Supreme Court. *See Sherwood v. Tomkins,* 716 F.2d 632, 634 (9th

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d  Page 3
Not Reported in F.Supp.2d, 2002 WL 1998360 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

Cir.1983) (stating that when "an appeal of a state criminal conviction is pending, a would-be habeas corpus petitioner must await the outcome of his appeal before his state remedies are exhausted").

For these reasons, the court finds that petitioner has failed to exhaust state court remedies. Accordingly, his petition will be dismissed without prejudice. [FN2] His motion for appointment of counsel will be denied as moot.

> FN2. The court declines to address respondents' argument that some of petitioner's claims may be moot because they appear to challenge the legality of his pretrial incarceration rather than his conviction and sentence. Although some claims could be construed as attacking petitioner's pretrial incarceration, it is plain that petitioner seeks to challenge much more than the legality of his pretrial incarceration. Rather than deciding any specific issues in a piecemeal fashion, the court will dismiss the petition in its entirety without prejudice for failure to exhaust.

### IV. CERTIFICATE OF APPEALABILITY

[2] Finally, the court must determine whether a certificate of appealability should issue. *See* Third Circuit Local Appellate Rule 22.2. The court may issue a certificate of appealability only if petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

When a federal court dismisses a habeas petition on procedural grounds without reaching the underlying constitutional claims, the petitioner must demonstrate that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *Slack v. McDaniel,* 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

As discussed above, the court has concluded that petitioner has failed to exhaust available state court remedies. The court is persuaded that reasonable jurists would not debate whether this procedural ruling is correct. Petitioner, therefore, has failed to make a substantial showing of the denial of a constitutional right, and a certificate of appealability is not warranted.

### V. CONCLUSION

**\*3** For the reasons stated, the court will dismiss petitioner's application for a writ of habeas corpus without prejudice, and will deny as moot his motion for appointment of counsel. The court will not issue a certificate of appealability. An appropriate order shall issue.

D.Del.,2002.
Norwood v. Kearney
Not Reported in F.Supp.2d, 2002 WL 1998360 (D.Del.)

END OF DOCUMENT