Not Reported in F.Supp.2d                                                                                                          Page 1
Not Reported in F.Supp.2d, 2002 WL 31230810 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

Only the Westlaw citation is currently available.
United States District Court, D. Delaware.
James E. ROSS, Jr., Petitioner,
v.
Tom CARROLL, Warden, and Attorney General of the State of Delaware, Respondents.
**No. CIV.A.02-14-SLR.**

Sept. 23, 2002.

James E. Ross, Jr., Delaware Correctional Center, Smyrna, Delaware. Petitioner, pro se.
Thomas E. Brown, Esquire, Delaware Department of Justice, Wilmington, Delaware. Counsel for Respondents.

MEMORANDUM OPINION

ROBINSON, Chief J.

I. INTRODUCTION

*1 Petitioner James E. Ross, Jr., is a Delaware inmate in custody at the Delaware Correctional Center in Smyrna, Delaware. Currently before the court is petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (D.I.2) Also pending in this matter is petitioner's motion for default judgment. (D.I.20) For the reasons that follow, the court concludes that petitioner has failed to exhaust state court remedies. Accordingly, the court will dismiss his petition without prejudice, and will deny his motion for default judgment as moot.

II. BACKGROUND

On March 16, 2001, the Delaware Superior Court determined that petitioner violated the terms of his probation. The Superior Court sentenced petitioner that same day to two years in prison suspended after nine months for decreasing levels of supervision. The Superior Court also ordered petitioner to participate in the boot camp program. The Superior Court modified petitioner's sentence on June 1, 2001, to two years in prison suspended for probation after successful completion of the boot camp program.

Due to inappropriate behavior, petitioner was discharged from, and did not successfully complete, the boot camp program. Based on his discharge, the Superior Court modified petitioner's sentence on September 28, 2001, to two years in prison followed by six months of probation. On November 5, 2001, the Superior Court corrected petitioner's sentence to provide that the September 28, 2001 modified sentence was effective as of March 7, 2001. On November 8, 2001, petitioner appealed his sentence to the Delaware Supreme Court. His appeal is pending before that court. *Ross v. State,* No. 541, 2001 (pending). [FN1]

> FN1. On September 20, 2002, the clerk of the Delaware Supreme Court confirmed that petitioner's appeal is pending before that court.

On December 21, 2001, petitioner filed the current application for federal habeas relief, seeking to challenge his sentence on federal constitutional grounds. (D.I.2) Respondents ask the court to dismiss petitioner's habeas application for failure to exhaust state court remedies. (D.I. 16 at 5) Petitioner in turn asks the court to enter a default judgment in his favor based on respondents' alleged failure to file a timely answer. (D.I.20)

III. DISCUSSION

Pursuant to the federal habeas statute:
An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that -
(A) the applicant has exhausted the remedies available in the courts of the State; or
(B)(i) there is an absence of available State corrective

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                                Page 2
Not Reported in F.Supp.2d, 2002 WL 31230810 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1). Grounded on principles of comity, the requirement of exhaustion of state court remedies ensures that state courts have the initial opportunity to review federal constitutional challenges to state convictions and sentences. *Werts v. Vaughn,* 228 F.3d 178, 192 (3d Cir.2000), *cert. denied,* 532 U.S. 980 (2001).

**\*2** To satisfy the exhaustion requirement, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel,* 526 U.S. 838, 845 (1999). Although a state prisoner need not "invoke extraordinary remedies," he must fairly present each of his claims to the state courts. *Id.* at 844-45. A claim has not been fairly presented unless it was presented "at all levels of state court adjudication." *Cristin v. Brennan,* 281 F.3d 404, 410 (3d Cir.2002). Generally, federal courts will dismiss without prejudice claims that have not been fairly presented to the state courts, thereby allowing petitioners to exhaust their claims. *Lines v. Larkins,* 208 F.3d 153, 159-60 (3d Cir.2000), *cert. denied,* 531 U.S. 1082 (2001).

Here, it is obvious that petitioner has not satisfied the exhaustion requirement-his appeal is still pending before the Delaware Supreme Court. *See Sherwood v. Tomkins,* 716 F.2d 632, 634 (9th Cir.1983) (stating that when "an appeal of a state criminal conviction is pending, a would-be habeas corpus petitioner must await the outcome of his appeal before his state remedies are exhausted").

For these reasons, the court finds that petitioner has failed to exhaust state court remedies. Accordingly, his petition will be dismissed without prejudice. His motion for default judgment will be denied as moot. [FN2]

> FN2. Whether a default judgment is available in a habeas corpus proceeding is doubtful. *See Woods v. Kearney,* 215 F.Supp.2d 458, 2002 WL 1845006 n. 7 (D.Del. Aug. 9, 2002)(collecting cases). Regardless, respondents have in no way "failed to plead or otherwise defend" in this action. Fed.R.Civ.P. 55(a). The court expressly granted respondents' request to extend the time for filing their answer until May 10, 2002. (D.I.13) They filed their answer on that date. (D.I.16)

### IV. CERTIFICATE OF APPEALABILITY

Finally, the court must determine whether a certificate of appealability should issue. *See* Third Circuit Local Appellate Rule 22.2. The court may issue a certificate of appealability only if petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

When a federal court dismisses a habeas petition on procedural grounds without reaching the underlying constitutional claims, the petitioner must demonstrate that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

As discussed above, the court has concluded that petitioner has failed to exhaust available state court remedies. The court is persuaded that reasonable jurists would not debate whether this procedural ruling is correct. Petitioner, therefore, has failed to make a substantial showing of the denial of a constitutional right, and a certificate of appealability is not warranted.

### V. CONCLUSION

For the reasons stated, the court will dismiss petitioner's application for a writ of habeas corpus

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d  Page 3
Not Reported in F.Supp.2d, 2002 WL 31230810 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

without prejudice, and will deny as moot his motion for default judgment. The court will not issue a certificate of appealability. An appropriate order shall issue.

D.Del.,2002.
Ross v. Carroll
Not Reported in F.Supp.2d, 2002 WL 31230810 (D.Del.)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.