IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| EDWARD GIBBS, | : |
| | : |
| Petitioner, | : |
| | : |
| v. | : Civ. Act. No. 05-750-JJF |
| | : |
| THOMAS L. CARROLL, Warden, | : |
| | : |
| Respondent. | : |

---

Edward Gibbs. Pro se Petitioner.

Thomas E. Brown, Deputy Attorney General of the Delaware Department of Justice, Wilmington, Delaware. Attorney for Respondent.

---

**MEMORANDUM OPINION**

April 12, 2006
Wilmington, Delaware

**Farnan, Judge**

    Pending before the Court is an Application For A Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 ("Petition") filed by Petitioner Edward Gibbs. (D.I. 1.) For the reasons discussed, the Court will dismiss the Petition without prejudice for failure to exhaust state remedies.

I.  **FACTUAL AND PROCEDURAL BACKGROUND**

    In March 2003, Petitioner arrived at the Sussex Work Release Center ("SWRC") in Georgetown, Delaware, to begin serving the Level IV work release portion of a sentence imposed for a violation of probation. Following a one-week orientation program, Petitioner obtained employment at a chicken house in Laurel, Delaware, and then at the Sussex Pines Country Club in Georgetown, Delaware. On May 25, 2003, Petitioner did not return to the SWRC from his job at the country club, and a warrant was issued for his arrest. Petitioner was apprehended on June 11, 2003 in Georgetown. Gibbs v. State, 872 A.2d 959 (Table), 2005 WL 535011, at **1(Del. Feb. 4, 2005).

    On June 12, 2003, Petitioner was charged with violating the terms of his probation. Although a hearing was scheduled, it was continued. On July 18, 2003, Petitioner was charged with escape after conviction, and a jury trial was held on that charge in October 2003. At trial, Petitioner testified that he had not made any effort to contact the SWRC between May 25, 2003, the

1

date he failed to return to the facility, and June 11, 2003, the date on which he was apprehended. The jury convicted Petitioner on the escape charge. Gibbs, 2005 WL at \*\*1 n.2.

During sentencing, Petitioner moved to dismiss his trial counsel. After a thorough colloquy, the Superior Court permitted Petitioner to proceed pro se for the remainder of the proceeding, and directed his trial counsel to serve as standby counsel. The Superior Court also considered the corresponding violation of probation charge, found Petitioner guilty of violating his probation, and sentenced him to one year and nine months in prison, suspended for two years of probation. For the escape conviction, the Superior Court sentenced Petitioner as an habitual offender to twenty years in prison with credit for time served, to be followed by six months at Level IV work release. Gibbs, 2005 WL 535011, at ¶¶ 7-9. Petitioner appealed, and the Delaware Supreme Court affirmed his conviction and sentences.

On August 11, 2005, Petitioner filed a motion for post-conviction relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motion"). As of March 21, 2006, the motion was still pending in the Superior Court. (D.I. 13, Del. Super. Ct. Crim. Dkt. in State v. Gibbs, Crim. A. No. S03060519R1.)

On October 24, 2005, Petitioner filed the instant Petition. (D.I. 1.) Respondent filed an Answer, contending that the Petition should be dismissed without prejudice for failure to

2

exhaust state remedies. (D.I. 11.)

## II. GOVERNING LEGAL PRINCIPLES

A district court can entertain a state prisoner's application for federal habeas relief only on the ground that his custody violates the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). Absent exceptional circumstances, a federal court cannot review a habeas petition on the merits unless the petitioner has exhausted his remedies under state law. 28 U.S.C. § 2254(b); O'Sullivan v. Boerckel, 526 U.S. 838, 842-44 (1999); Picard v. Connor, 404 U.S. 270, 275 (1971). A petitioner satisfies the exhaustion requirement by presenting his claim to the state's highest court, either on direct appeal or in a post-conviction proceeding. O'Sullivan, 526 U.S. at 844-45; See Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997). Generally, a federal court will dismiss without prejudice an unexhausted claim in order to give a petitioner an opportunity to present the unexhausted claim to the state courts. Lines v. Larkins, 208 F.3d 153, 159-60 (3d Cir. 2000).

## III. DISCUSSION

Petitioner asserts four claims in his Petition: (1) the Superior Court lacked jurisdiction over his criminal proceeding because there was no grand jury indictment; (2) the trial judge abused his discretion by failing to inquire about an undisclosed conflict; (3) trial counsel provided ineffective assistance by

3

failing to subpoena unspecified witnesses; and (4) the Delaware Supreme Court erred by not ruling on Petitioner's ineffective assistance of counsel claims in the direct appeal.

After reviewing the parties' submissions, the Court concludes that Petitioner has not yet exhausted state remedies for any of his claims. Claims One, Two, and Four were not presented to the Delaware Supreme Court on direct appeal. Although Petitioner presented Claim Three (ineffective assistance of counsel) on direct appeal, that presentation did not exhaust state remedies; in Delaware, an ineffective assistance claim must first be raised in a Rule 61 motion to the Superior Court. See Castille v. Peoples, 489 U.S. 346, 351 (1989)(holding that a petitioner does not exhaust state remedies by presenting a claim to the state courts in an improper procedural fashion); Kendall v. Attorney General of Delaware, 2002 WL 531221, at *4 n.2 (D. Del. Mar. 26, 2002)(explaining that, in Delaware, an ineffective assistance of counsel claim must first be raised in a post-conviction motion pursuant to Superior Court Criminal Rule 61). Further, even though Petitioner has raised all four claims in a Rule 61 motion, (D.I. 1, at ¶ 18.), the Superior Court has not yet decided that motion. Therefore, the claims will not be exhausted until the completion of the state post-conviction review process. See Evans v. Court of Common Pleas, 959 F.2d 1227, 1234 (3d Cir. 1992)(explaining general rule that federal

habeas review is unavailable until state criminal proceeding is completed); Ross v. Carroll, 2002 WL 31230810 (D. Del. Sept. 23, 2002).

Finally, the Court will deny Petitioner's request to stay the instant habeas proceeding until the Superior Court renders an opinion on his Rule 61 motion. (D.I. 1, at ¶ 18.) A stay is only warranted when a petitioner has presented a petition containing exhausted and unexhausted claims, and his ability to file a timely habeas petition after the proper exhaustion would be foreclosed under the one-year limitations period established in 28 U.S.C. § 2244. See Rhines v. Weber, 544 U.S. 269 2005); Crews v. Horn, 360 F.3d 146 (3d Cir. 2004). Here, Petitioner has presented a Petition containing only unexhausted claims, and he will not be foreclosed from filing a timely habeas petition after he exhausts state remedies.

Accordingly, the Court will dismiss the Petition without prejudice for failure to exhaust state remedies.

## IV. CERTIFICATE OF APPEALABILITY

When a district court issues a final order denying a § 2254 petition, the court must also decide whether to issue a certificate of appealability. See Third Circuit Local Appellate Rule 22.2. A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists

would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 484 (2000). If a federal court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. Id.

The Court has concluded that the Petition must be dismissed without prejudice for failure to exhaust state remedies. The Court is persuaded that reasonable jurists would not find this conclusion to be debatable. Therefore, the Court declines to issue a certificate of appealability.

## V. CONCLUSION

For the reasons discussed, Petitioner's Application For A Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 will be denied without prejudice.

An appropriate Order will be entered.